Good morning. May it please the Court, my name is Michelle Kanan and I represent the This case is about the Bankruptcy Court's imposition of a punitive contempt sanction upon Mr. Charbonneau for a minor transgression. Can I stop you right there? Yes. You keep describing this as a punitive contempt sanction. There's nothing in the record that indicates this is a contempt sanction. We have said in Corey Perez and the Supreme Court has said in Chambers that a trial court has inherent power, inherent power, not the contempt power, to impose sanctions for noncompliance with its orders. Is there any reason why the Bankruptcy Court couldn't exercise such inherent power here? Well, as this Court has repeatedly held, when you analyze something, it is based on the characteristics and not the label placed on it. Yes, but the analysis that you tend to make would make every punitive sanction a criminal contempt sanction. And this Court, and every other circuit, has specifically held that that's not so. That there is a group of punitive sanctions that work in many ways like criminal contempt sanctions, but aren't because they're inherent power sanctions. And you simply refuse to recognize that category, but that refusal doesn't mean the category doesn't exist. There are sanctions that are creatures of statute. There are sanctions that are rule-based sanctions. In this case, the Court didn't really provide any substantive analysis for its authority to impose sanctions. No, because if it's relying on inherent power, there is no analysis. That's the meaning. It's inherent in the nature of a trial court's proceedings. Can a trial judge say, for example, if a cell phone goes off in this court by any lawyer, it's a $50 fine paid at the clerk of court? Absolutely. And in a situation like that, a contemptor is put on notice that there is a penalty for engaging in an action. So then you're saying to exercise the inherent power in the example I gave, there needs to be a predicate notice. I would say if you were going to impose a monetary sanction, that there ought to be at least notice. Notice of what? Notice that if an action is committed, that a monetary sanction is the penalty. Okay. So that a party can violate a court order with impunity unless the court has specifically said at some earlier point in the case, now, counsel, I want you all to know that if you violate any of this court's orders, I'm going to take some action to sanction you. Well, this wasn't just an order. But I'm trying to get the intellectual foundation of your argument. You seem to say that kind of notice is required. I thought that the Supreme Court said in Chambers that without any particular notice, the court has inherent power to enforce its own orders, and one way it can do that is by sanctioning noncompliance. This wasn't an issue of noncompliance. Of course it was. It was noncompliance. The court ordered that a certain thing be done by a certain date, and it didn't happen. I mean, there's no question about that fact. There is no question about that. All right. And the fact that there was an effort made to remedy the violation after the fact can certainly be taken into account in determining whether a sanction should be imposed or what the sanction should be, but it doesn't cure the fact that the court order was violated in the first place. I agree. And under the circumstances of this case, this wasn't a debtor who was defying a court's authority. This was a debtor that believed that he was in compliance. Individuals come to bankruptcy. What do you mean? How did he believe he was in compliance? The plan specifically provided he give this document. Yes. He was notified prior to the time it was due in writing, both by the trustee and by his own counsel. And he didn't do it. He believed that his wife had provided the document. And he told that to the bankruptcy court, and the bankruptcy court said, you know, my policy is to sanction noncompliance with this order, otherwise I'd get driven nuts by these things. Well, and, again, you touch on an important point, that this was a uniform policy, and no one had noticed that this uniform policy. All right. What do you think of as the uniform policy? What do I think of? You keep using this term, uniform policy. What do you mean by it? What was the policy? The court's policy was that when the trustee brings a motion for whatever violation, that the court can impose a monetary sanction. So that, in other words, you're saying it's an impermissible policy for a judge to say, if anyone violates an order in my court, I'm going to not dismiss the case, but impose a sanction. I mean, that's all that this bankruptcy judge said. Except that dismissal wasn't an available remedy. That's all right, but we're not dealing with that because there was no dismissal. So he imposed the sanction. He gave individualized attention to the case. He took into account the debtor's circumstances. He specifically referred to those circumstances. He specifically, in his words, I admit to you the bankruptcy judge wasn't very articulate about this, but he specifically said, I understand your circumstances. I'm going to give you a discount, and sanctioned him $100, whereas he usually imposed the $200 sanction in this circumstance. So I'm struggling with what's wrong with this. Well, what the bankruptcy court seemed to feel compelled to was to enforce this order on everyone. And there's nothing that says that in particular circumstances that the court cannot choose to simply say, this was the first time this debtor has been before this court for any sort of transgression. I understand that it was an inadvertent oversight. There was no intention. There was no intent to defy a court order. This was a low-functioning, hapless debtor trying to save his house, and that based on the circumstances of this case, no sanction was appropriate. The court was really inextricably fixated on the idea that it had to do something. Well, how could the court cure the problem? Let's assume that you think it's a legitimate problem that the court had, that dozens of people are not filing these things, so the trustee has to do something and schedule a hearing. How can it go about solving that problem? Well, and there's the assumption that the default is that the trustee has to schedule a hearing. There are many provisions in our rules where parties are required to meet and confer before enforcement. So over something like this, you don't want to meet and confer. You just want this to stop happening, and you want something that doesn't take a lot of time. If I can just address that. Again, I think a letter going out from the trustee to the counsel, counsel has no way of knowing in any particular instance which debtors have complied and which have not. While we may do our best efforts to try and ensure that we can track those things, there are some debtors that respond directly to the trustee bypassing their counsel. There are some that go through their counsel. And so if the trustee were even to just say, I mean, this were a discovery violation, and we marched in on every discovery violation, the first thing the court would want to know is, did you all try and do anything to work this out before you came here? We get the point, and you've reserved some time. Thank you. Good morning, Your Honors. I'm Lawrence Somski. I'm the Chapter 13 trustee for New Hampshire. May it please the court. This case, although my name is in the caption, is really not about me whatsoever. It's about the power of the court to enforce its own lawful orders. There's no dispute, I don't think, in this case, that the particular order that the court issued, which was voluntarily agreed to by the debtor by using the local form plan, was an enforceable order once it became part of the confirmation order, as it did. The question that we have is, if a debtor does not comply, can there be a remedy imposed by the court if the debtor subsequently remedies that problem? I'll use the example that the court had. If somebody's cell phone rang, that would be deemed to be impermissible conduct by the court. Let's stay with that for a second. Here's the problem I'm having. Clearly the court's going to be able to solve this problem. If you look at civil contempt, civil contempt needs to either be remedial or coercive, and here I understand we're dealing with neither. So you're then left, and it could have been, the district court could issue a policy that your office is always going to incur at least $100 in expenses by one of these things, so as a remedial sanction, but clearly the judge didn't do that here. He went out of his way to say he wasn't. So that avenue's kind of closed off to you in this case, although the judge could deal with other cases otherwise. So you're left with inherent power. I'm having trouble finding any justification for exercise of inherent power without a finding of bad faith. It seems to me most of the cases say that you need bad faith. Am I wrong on that? Well, with respect, Your Honor, if my cell phone went off right now, that wouldn't be an intentional act, but you'd still feel free to fine me. Actually, I wouldn't, because unless we've given notice, then I don't say how I could use the civil contempt. I heard earlier, again, with respect, that there was a policy of a $50 fine, or maybe that was just used as a comment without being an accurate statement. I'm not suggesting you let your phone go off. No, no, no.  I certainly hope it doesn't. But go back to it, because Judge Selye makes a very good point about how inherent the Court has this unstated inherent power, which it's had for a long time. And I want to know if you can point us to any authority for the exercise of inherent power without a predicate finding of bad faith by the person who is subjected to the inherent power sanction. Well, I don't have a case to cite, but I just would say it's common sense. I'd accept the sanction if it was imposed upon me for that bad thing that I might do if my phone went off without my intent, without my bad intent. I think that would be a perfectly reasonable thing for a court to do. But see, with the cell phone one, you can use civil contempt, because by posting notice first, it's a coercive. You're telling people, okay, if you do this, you're going to get a $50 fine. So you're within the civil contempt power, the coercive branch of it. Here, the Bankruptcy Court, as I understand it, didn't give any notice that if you violated this particular order, there would be a fine, so you've lost the coercive branch. That brings me back to my question on inherent power. Well, Your Honor, I'd answer it this way. The Bankruptcy Court, like any court, has certain inherent powers, as stated by Judge McAuliffe, to enforce its own lawful orders. There's no question this is a lawful order. Now... You know, I'm looking at Roadway Express, the U.S. Supreme Court, saying the trial court didn't make a specific finding of bad faith, a finding that would have to precede any sanction under the court's inherent powers. That's what's got me stuck here. Well, we provide due process by filing a motion like this, alleging the bad behavior, and we give at least 30 days' notice for the person to appear and address that. And as you saw by the lengthy transcript in this case, the debtor was afforded an ample opportunity, and then some, to try to convince the judge that this was not a sanctionable offense. So I think you're saying maybe a judge could have inferred bad faith here? Well, I'm not sure it requires bad faith. I don't think... Well, that brings me back to my credit question, and I'm looking at the U.S. Supreme Court seeming to say that you do get it. You're not citing any cases as otherwise. So now I'm asking, is there any finding of bad faith here? I don't think... No, no, no, there's any bad faith. I think in this particular case it was found by the court, and I'll accept the fact that it was an innocent mistake where Mr. Charbonneau thought that his wife did the thing, but the fact is he didn't. And there are certain things that need to be done, and a mistake is not necessarily an excuse. So are you staking a position on the ability to use the inherent power to sanction in the absence of bad faith? Yes. I think the court has the power to impose an ad hoc penalty for whatever it deems reasonable, and the penalty has to be reasonable because the bankruptcy court has limited powers. We understand that. It can't impose the literal death penalty upon a debtor, no matter what that person might have done, but it can impose the death penalty on the case. It can dismiss the case and remove that person from the protection for the stay and from the eventuality of receiving a discharge. When you say it can dismiss the case, are you saying under its inherent powers, or are you talking about 1307? I'm talking about 1307. So this is a statutorily based argument. Yes, sir. And in a vague sense, Section 1307 requires compliance with all material terms of a plan. Whether or not there's bad faith. Sure, exactly. And part of material compliance is making plan payments, and part of providing tax returns, the reason why they have to be required is a statutory basis for it, Section 521F, and there's case law requiring it. The debtor agrees to do all that, and so when it doesn't for whatever reason, we're left with two possibilities. Either the bankruptcy court can be powerless to do nothing and can do nothing about that, or it has to dismiss the case unless there's a third way. Are you aware of any authority that would require the judge to put in the record that the violation was material? No, I'm not. Before issuing a 1307 sanction. Right. Even though it has to be material. And the debtor makes the point here that at the hearing, I made the comment that we don't really want to dismiss the case, and the judge made that same comment. What we really want is for people to comply with the order without having to go through all these extra steps of filing a motion, scheduling court time, having a hearing and all that, which is totally unnecessary. So you want us to read into, you want us to construe Section 1307 as granting the bankruptcy court power within its discretion to dismiss a case if someone inadvertently forgets to send in their tax return, although they have nothing to gain by it, and then argue from that the greater power subsumes the lesser power of the $100 as an alternative. Well, you know, forgetting is a difficult proposition. If a person doesn't comply, then we have to … In the absence of any bad faith. Well, in the absence of bad faith, that's fine. People all the time have their cases dismissed with an absence of bad faith when they're required to make payments, but they don't. Sometimes they don't make the payment because they're bad or they don't care about the process, but they lose their job. And that's not bad faith. Are you aware of any case where 1307 has been used to dismiss a case with the type of sort of defalcation that's involved here, which is not turning in a form on income tax returns where there was nothing to be gained, the debtor had nothing to gain, and he wasn't going to owe any money. He wasn't hiding anything. Well, in hindsight, that turned out to be true. But the point is when the court has to set – well, the court believes – Well, it wasn't hindsight at the time the court acted. The court acted on a record where it knew. Right. Can you point to any authority that said the discretion under 1307 is so broad this judge actually could have thrown out the case and we would have had to swallow it within his discretion? No. I can only point to cases, many cases, where that happens. For that reason? Yes. The debtor doesn't stand on the principle here that he doesn't have to file a tax return. The debtor has to file a tax return. And if the debtor wanted to say, I'm not filing the tax return and you can't dismiss the case for that reason, then you've got bad faith. Pardon me? Then you've got bad faith. Well, why? The debtor might make a principled argument that it's not of relevance or anything else if the debtor is otherwise making plan payments and otherwise had a plan confirmed. That's not necessarily bad faith, although I would argue for dismissal of a case like that. Now, the court in an earlier case asked one of the litigants, if that remedy of imposing a sanction is not a good remedy, then what would you suggest, counsel? That counsel didn't have a good answer. This one doesn't either. Well, that puzzles me, too, because suppose your court just promulgated the rule that says anybody who doesn't file one of these returns on time automatically has to send in $100 to you. Then don't you get a higher compliance rate? And when there's noncompliance, you don't have to have a hearing. You save money, so it's a net win for everybody, for the court, for you, and for the debtors. Well, the case law requires that the return be filed, and the statute requires it, too. But there's no remedy proposed either in the case law or the statute. Right, so all you do is the court adopts by local rule a standing $100 fine. Wouldn't that create a better world for everybody? You have fewer hearings, fewer late returns, and when someone is late returned, you get the money without having to file a motion. It's a possibility, and the court might consider that. But, again, with respect, this court, the bankruptcy court that I'm talking about, there's only two judges. It's a small place. And they, in exercise of their case management for their cases in their small part of the judicial system, didn't decide to do that. They prefer to have these ad hoc remedies. Well, that's talking unpublished. Well, it's a published opinion. There are many hundreds of, I would dare say, thousands of these cases that have gone by through the years since that case law was passed. And the standard sanction is $200? Well, that's the standard request that I make as a litigant. And the court, after a hearing … Well, do the other trustees do that? Well, there's only one Chapter 13 trustee in New Hampshire. That's you. It's a small state. That's me. So, yes, it's a remedy that I propose, but that the court has opted. And what's the basis for the common knowledge, if that can substitute for notice, that it's going to be $200? Well, there's the fact that I filed a motion, and then there's a hearing a month later. So the debtor certainly has notice. And this case is an excellent example of that because the debtor, not wanting to be sanctioned, came and argued against it. And the court, in its discretion, decided to impose a lesser fine. It could have decided to impose no fine, as it does sometimes if the circumstances … That didn't quite answer my question. This debtor didn't know at the time, well, didn't know that you were going to file, or maybe he did. But that's really my question. How would he have known? There are published opinions that say it's $200. Is that the … Well, no. The $200 number is arbitrary. It comes from a motion in a particular case, and in lots of cases. But to answer your question, how they had notice, as I say, when the N. Ray Michaud decision was issued many years ago, there was no remedy proposed within the statute. And so what became commonplace would be I'd file the motion to dismiss, the debtor would show up before the hearing and say, here it is, and I'd have nothing left to say. There's no sanction. There's no other remedy. The case couldn't be dismissed because they did comply. The court had a hearing of the debtor's bar. There was three different occasions where the debtor's bar, it's a relatively small bar, maybe 30 or 40 regular practitioners, came to court. And Judge Deasy, the same judge we had here, spoke to counsel. No debtor's present. Spoke to counsel and said, this is just not a good system that we have, and so we have to do something new. And in effect he said, when I issue this order, it's an order, and it has to be complied with. Once that happens … Does this judge always order a monetary sanction? No. No. Sometimes he says there's no sanctions appropriate. In this case, he might well have decided that. Does he ever go above $200, to your knowledge? Does he ever go beyond the requested amount, the amount that you request? He never goes beyond the requested amount. Does the other judge act similarly? Yes. With respect to all these? Yes. And the visiting judges? I'm sorry? The visiting judges. Well, we rarely have a visiting judge, so I can't answer that specifically. But the two sitting judges who are there all the time issue sanctions routinely on request with due process notice. Okay. Thank you. Yes. Thank you. The year that the debtor was sanctioned for this transgression was the first time this Court had adopted this sanction policy. There is nothing in the record that anyone was placed on notice that this was going to be a policy. The trustee argues that what constitutes notice in due process is that he put it in the motion. This is after the act had already been committed. It isn't akin to a policy where the Court posts a notice outside the door that says if your cell phone goes off, this will happen. In this particular year, the only people to know about this sanction policy were those who committed the transgression and had the motion filed, and there was no way to escape it at that point. There is no implication of bad faith in this case anywhere. Mr. Charbonneau, the bankruptcy court suggested, he's in dire straits. He's on food stamps. He certainly had done, by the trustee's account, everything else in the case to comply. This was just an oops and one that didn't require a monetary sanction. Thank you. Thank you.